UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Harold Simmons, Jr., | ) C/A No. 2:10-3107-CWH-RSC |
|                  Plaintiff, | ) |
| vs. | ) |
| | ) REPORT AND RECOMMENDATION |
| Judge Paul W. Garfinkel; and Pamela Brown, | ) |
|                  Defendants. | ) |

The plaintiff, Harold Simmons, Jr. ("Plaintiff"), proceeding *pro se*, filed a civil rights complaint on December 7, 2010, upon payment of the filing fee.[1] The complaint seeks monetary damages from a state family court judge and an attorney for the South Carolina Department of Social Services ("DSS"). Plaintiff's claims are based on a family court hearing in which Plaintiff was "imprisoned [] for six (6) months for actions that were previously adjudicated." ECF No. 1 at 3. The complaint is frivolous and should be dismissed.

INITIAL REVIEW

Plaintiff's claims are subject to an initial *sua sponte* review by the Court pursuant to the Court's inherent authority to ensure that subject matter jurisdiction exists and that the case is not frivolous. *See Fitzgerald v. First East Seventh Street Tenants*

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Corp.*, 221 F.3d 362, 363-364 (2d Cir.2000) (District Courts "may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee); *see also Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 307 (1989) (mentioning in dicta that "Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."). In reviewing the *pro se* action, this Court is required to liberally construe *pro se* documents. *Erickson v. Pardus*, 551 U.S. 89 (2007). *Pro se* documents are held to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990). Under this initial review, the *pro se* complaint is subject to dismissal.

## DISCUSSION

The complaint's statement of claim alleges, verbatim:

> On May 11, 2006, the Plaintiff appeared in Charleston County Family Court before Judge Segars-Andrews on a Child Support Rule to Show Cause. During the aforementioned hearing, Judge Segars-Andrews ordered that the Plaintiff be released from the custody of the Charleston County Detention Center and appear in Court at a later date to review the status of the Plaintiff's workers'

>compensation claim. On August 16, 2006, the Plaintiff reappeared before Defendant Judge Paul W. Garfinkel as mandated by previous Order. During the hearing, Judge Garfinkel ignored the Order of Judge Segars-Andrews and imprisoned the Plaintiff for six (6) months for actions that were previously adjudicated. Defendant South Carolina Department of Social Services, Pamela Brown was present at the hearing on May 11, 2006, and agreed to the review and was present August 16, 2006, when Judge Garfinkel ignored the Order of Judge Segars-Andrews and imprisoned Plaintiff.

Based on these allegations, Plaintiff seeks monetary damages from the Defendants, a state court judge and state agency attorney.

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court has broad inherent power to *sua sponte* dismiss an action, or part of an action, which is frivolous. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d at 363-64 (district courts have authority to dismiss frivolous claims *sua sponte*, notwithstanding payment of the filing fee); *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (district courts have authority to dismiss frivolous claims *sua sponte*). Plaintiff's claims against Defendants Garfinkel and Brown are frivolous because the Defendants have immunity from suit under § 1983 and the complaint presents no meritorious issue to consider.

Absolute immunity "is an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Defendant Garfinkel is a state family court judge, and is clearly named as a defendant in Plaintiff's § 1983 lawsuit for

actions he took in the performance of his duties as a judge. The Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983. *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Defendant Garfinkel has absolute immunity from suit, and the lawsuit against him is patently frivolous.

Defendant Brown is an attorney for a state agency, and in her official capacity she is immune from suit under § 1983. In *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), the Supreme Court held that a suit against state officials acting in their official capacities is actually against the office itself and, therefore, against the state. A state has Eleventh Amendment immunity from suit in federal court, and state agencies, divisions, departments, and officials are also entitled to Eleventh Amendment immunity when acting as an arm of the state. *Id.* at 70. State officials may only be sued in their individual capacities under § 1983.

In as much as Plaintiff is suing Defendant Brown as an individual acting under color of state law, the complaint presents no issue to consider. Plaintiff simply claims Defendant Brown was in attendance at two state family court hearings. As a complaint for damages under § 1983, the complaint lacks an arguable basis in law, and is clearly frivolous.

As discussed, Plaintiff's claims against the Defendant are frivolous, and should be dismissed *sua sponte* without issuance of the summons for service of process.

## RECOMMENDATION

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance of the summons for service of process. **Plaintiff's attention is directed to the important notice on the next page.**

*Robert S. Carr*
Robert S. Carr
United States Magistrate Judge

January 31, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).