IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| HAROLD SIMMONS, JR., | Civil Action No. 2:10-cv-03107-CWH |
| Plaintiff, | |
| vs. | **ORDER** |
| JUDGE PAUL W. GARFINKEL, and PAMELA BROWN, | |
| Defendants. | |

This matter is before the Court on the report and recommendation (R&R) of United States Magistrate Judge Robert S. Carr recommending that the Court dismiss the plaintiff's action without prejudice and without service of process. For the reasons set forth in this order, the Court adopts the R&R and dismisses the action without prejudice.

## I. BACKGROUND

Harold Simmons, Jr. ("the plaintiff"), brought this action against Judge Paul W. Garfinkel ("Judge Garfinkel"), a state family court judge, and Pamela Brown ("Brown"), an attorney for the South Carolina Department of Social Services. The plaintiff's complaint alleges the following facts:

> On May 11, 2006, the Plaintiff appeared in Charleston County Family Court before Judge Segars-Andrews on a Child Support Rule to Show Cause. During the afore-mentioned hearing, Judge Segars-Andrews ordered that the Plaintiff be released from the custody of the Charleston County Detention Center and appear in Court at a later date to review the status of the Plaintiff's workers' compensation claim. On August 16, 2006, the Plaintiff reappeared before Defendant Judge Paul W. Garfinkel as mandated by the previous Order. During the hearing, Judge Garfinkel ignored the Order of Judge Segars-Andrews and imprisoned the Plaintiff for six (6) months for actions that were previously adjudicated. Defendant South Carolina Department of Social Services, Pamela



> Brown was present at the hearing on May 11, 2006, and agreed to the review and was present August 16, 2006, when Judge Garfinkel ignored the Order of Judge Segars-Andrews and imprisoned Plaintiff.

Compl. at 3, ECF No. 1. The plaintiff seeks "actual damages of $100,000" and "compensatory damages of $350,000." Id.

The case was referred to Magistrate Judge Carr pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C. On February 1, 2011, the magistrate judge issued an R&R (ECF No. 8) recommending dismissal. The magistrate judge reviewed the plaintiff's complaint sua sponte, citing the Court's inherent authority to ensure that subject matter jurisdiction is proper and the case is not frivolous. See, e.g., Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (holding that "district courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee"). Magistrate Judge Carr found that, as a state court judge, Judge Garfinkel enjoys absolute immunity from liability under 42 U.S.C. § 1983. See, e.g., Briscoe v. LaHue, 460 U.S. 325, 334 (1983) (observing that "state judges are absolutely immune from liability for their judicial acts"). Additionally, the magistrate judge concluded that because Brown is an attorney for a state agency, she is immune from suit in her official capacity pursuant to the Eleventh Amendment. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 70 (1989). Finally, the magistrate judge found that the plaintiff's claims against Brown as an individual acting under color of state law were frivolous. The complaint merely alleged that Brown was present at two family court hearings, which, taken as true, did not give rise to any cause of action. Thus, the magistrate judge concluded that the plaintiff's complaint "lacks an arguable basis in law" and recommended

that this Court dismiss the plaintiff's complaint sua sponte without issuance of the summons for service of process.

On February 28, 2011, the plaintiff filed objections to the R&R (ECF No. 8). The plaintiff's objections do not specifically address the magistrate judge's findings, but instead, reiterate the allegations of the complaint and assert additional violations of the law.

## II. DISCUSSION

The Court is charged with making a de novo determination of any portions of the magistrate judge's recommendation to which a specific objection is made. 28 U.S.C. § 636(b). A party's objections must specifically identify the portion of the magistrate judge's reasoning that the party contends is flawed. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (suggesting that de novo review is unnecessary where "a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations"). The Court evaluates the evidence without granting any deference to the magistrate judge's findings and conclusions. Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993). The final decision is made by the Court based upon the actual record, not merely the magistrate judge's reported findings. Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985). The Court may accept, reject, or modify, in whole or in part, the report and recommendation, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation marks and citation omitted). Pro se submissions are to be

Page 3 of 4



construed liberally and are "held to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks and citations omitted). Nevertheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

As noted above, the plaintiff has failed to articulate any specific objections to the reasoning or findings of the magistrate judge. Accordingly, this Court need only satisfy itself that there is no clear error on the face of the record. The Court has reviewed the R&R, finds no clear error, and agrees with the magistrate judge that the plaintiff's complaint should be dismissed.

### III. CONCLUSION

After reviewing the record of this matter, the applicable law, and the R&R of the magistrate judge, the Court agrees with the conclusions of the magistrate judge. Accordingly, the Court adopts and incorporates the R&R by reference in this order. The plaintiff's claims are dismissed without prejudice and without service of process.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

April 12, 2012
Charleston, South Carolina

